UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
   **JUDGE**

## LETTER OPINION

December 13, 2010

Ignacio Guzman (#442905)
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
 *Pro Se Plaintiff*

Paula T. Dow, Attorney General of New Jersey
Daniel M. Vannella, Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
 *Potential Attorneys for Defendant Charles Davis*

  Re: *Ignacio Guzman v. Charles Davis et al.*
     Civil Action No. 10-2101 (WJM)

Dear Litigants:

  This matter comes before the Court on the motion by Defendant Charles Davis ("Davis") to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.  Oral argument was not held.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendant's motion is **GRANTED** and all claims in the complaint are **DISMISSED WITH PREJUDICE** as to Defendant Davis.

**I.**  **BACKGROUND**

At all times relevant to the complaint, Plaintiff Ignacio Guzman ("Guzman") was incarcerated at East Jersey State Prison ("EJSP") in Rahway, New Jersey. (Plaintiff's Complaint, hereinafter "Cmpl.," at ¶ 2.) After purportedly injuring his back lifting weights, Plaintiff requested medical attention beginning in February 2007. (*Id.* at ¶ 6.) Over the next year and a half, Guzman received medication, physical therapy, and on-site and off-site consultations from several physicians and other medical professionals. (*Id.* at ¶¶ 6-40.)

Plaintiff was apparently not content with the treatment he was receiving, and on November 15, 2008, he allegedly sent a letter to Davis requesting assistance with his "serious medical need [that was] getting worse." (*Id.* at ¶ 33.) Davis was an assistant administrator at EJSP. (*Id.*) Although Plaintiff does not directly allege that the letter was ever received or read by Davis, he does state that he never received a response. (*Id.*) This is the only allegation of personal involvement with respect to Davis. Plaintiff also complains that the prison's practice of using inmates as interpreters violates physician patient confidentiality. (*Id.* at 45.)

Plaintiff filed a complaint under 42 U.S.C. § 1983 in state court in December 2009, alleging violation of his civil rights. Defendants subsequently and timely removed the case to federal court. Pursuant to an initial screening under 28 U.S.C. § 1915A, two defendants were dismissed from the action. Davis is one of three remaining defendants. Presently before the court is Davis's motion to dismiss the complaint, for failure to state a claim for which relief can be granted. The motion is not opposed.

## II.   ANALYSIS

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations, a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint does not need to contain detailed factual allegations, the grounds of the plaintiff's entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level. *See id.* at 1964-65. Furthermore, although a court must view the allegations as true in a motion to dismiss, it is not compelled to accept unwarranted inferences, unsupported conclusions or legal

conclusions disguised as factual allegations. *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Plaintiff's complaint contains one count, which alleges that (1) Defendants exercised deliberate indifference by failing to provide Plaintiff with adequate medical treatment, and (2) the use of inmates as interpreters violates doctor patient confidentiality. (Cmpl. ¶ 45.) As stated above, the only factual allegations in the complaint that pertain to Davis are that Davis is an assistant administrator at EJSP, and that Guzman sent Davis a letter requesting assistance obtaining additional medical care, to which Davis never responded. (*Id*. at 33.)

A defendant in a civil rights action must have personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-96 (3d Cir. 1997); *Baker v. Monroe Twp*., 50 F.3d 1186, 1190-91 (3d Cir. 1995). Liability cannot be predicated solely on a theory of respondeat superior. *Id*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *Id*.

Here, Guzman has made no such showing of personal involvement with respect to Davis. As stated previously, his only factual allegations against Davis are that Davis is an assistant administrator at EJSP, and that Guzman sent Davis a letter requesting his help in obtaining medical treatment, to which Davis failed to respond. Guzman makes no allegations whatsoever that Davis was personally involved with his medical treatment.

Moreover, a defendant who is not a medical professional cannot be deemed deliberately indifferent for failing to respond directly to the medical complaints of a prisoner who was already receiving treatment from a prison doctor. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (affirming grant of dismissal on summary judgment of defendants who were not physicians and against whom the only allegations were that they had failed to respond to the plaintiff's letters complaining about medical care received at a prison); *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (affirming grant of same on motion to dismiss). Therefore, even if the Court were to assume that Davis received and read Guzman's letter, this is insufficient to render Davis liable under § 1983. The claim of deliberate indifference must be dismissed as to Davis.

Finally, Guzman's complaint contains absolutely no allegations that tie Davis to the claim of violation of doctor patient confidentiality. Therefore, at most this claim is predicated upon the operation of respondeat superior. As stated above, § 1983 liability can never be based solely upon a theory of respondeat superior. *Rode*, 845 F.2d at 1207. This claim must also be dismissed as to Defendant Davis.

### III.   CONCLUSION

For the reasons stated above, Davis's motion to dismiss the complaint for failure to state a claim is **GRANTED**. Guzman's complaint is **DISMISSED WITH PREJUDICE** as to Defendant Davis. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

3